## No. 1068.

### JOHN N. PHARR vs. McHUGH & VINSON ET AL.

A party, who has signed as surety the note of a planting partnership subscribed by its agent, is estopped from denying either the existence of the partnership or the authority of the agent.

Mere inaction on the part of the creditor does not discharge the surety.

APPEAL from the Nineteenth Judicial District Court, parish of St. Mary. *Goode, J.*

---

Phil. H. Mentz for Plaintiff and Appellant.

A planting partnership, in which the use of real estate is part of the capital, may be proved by parol.   5 A. 597 ; 25 A. 594 ; 27 A. 353.

A debt contracted by one of the members of a planting partnership, though he acts without previous authority, will be binding on each of the partners for his virile share if the partnership was benefited thereby.   9 A. 420 ; 10 A. 114 ; 16 A. 193 ; 27 A. 353.

Partners cannot sue each other for special items ; their action must be for a full and final settlement of the partnership affairs.   H. D. p. 1093 ; Louque p. 511.

When one is notified that a contract has been made for him, though without any previous instructions from him, he is held to have ratified it unless he at once repudiate it.   11 L. 288 ; 22 A. 496 ; 24 A. 462.

Sureties on a promissory note admit, as to the payee, the authority of the drawer to make the note.   5 A. 368 ; 9 A. 530 ; 30 A. 53.

The surety is not discharged by the mere omission of the creditor to sue the debtor or to enforce a privilege. 29 A. 844, and authorities cited ; Duranton, vol. 18, pp. 420, 421.

Sureties who prove no damages to result to them from the acts of the creditor—can ask no discharge of their liabilities ; and in cases where they make such proof, can only ask discharge *pro tanto.*  8 A. 76 ; 13 A. 63 ; 29 A. 844 ; C. C. 3048.

Surety cannot ask the discussion of principal debtor unless he has advanced to the creditor the costs of the suit. C. C. 3047 ; 5 M. 676 ; 11 L. 136 ; 13 L. 276 ; 18 A. 652.

Surety, like any other contracting party, will suffer from his own *laches* ; and if he neglect all his remedies, cannot throw his loss on the creditor. C. C. 3057 ; 3 A. 682 ; 4 R. 420.

D. Caffery for Defendants.

First—Where a partnership is sued, alleged to be composed of A and B, and the proof does not show clearly who are the partners, when the partnership is expressly denied, the action falls.

Second—Where a planting partnership is sued on a note, executed in the name of the partnership without any authority, no recovery can be had thereon against an alleged partner disputing the authority of the unauthorized agent, unless it appears that the consideration of the note inured to the benefit of the partnership.

Third—No recovery can be had as against an alleged member of a planting partnership on a note so executed, when the money borrowed on it was applied to the payment of a note given for the price of land, bought by the drawers as individuals, *dehors* the partnership. A benefit to the individuals of a partnership *dehors* their partnership relations, is not a benefit of the partnership, and *vice versa.*

Fourth—Where a note is then drawn, with sureties and a pledge to secure the same by notarial act, under Act No. 66 of 1874, no recovery can be had thereon against the sureties, when the payee permits a diversion of the funds from the purposes for which they were borrowed, and suffers the crop to be shipped to the prejudice of the sureties. The sureties, on paying the holder, could not be subrogated to all his rights, and when the crop was about being, and was actually, shipped before the maturity of the note, the payee was bound to see to it that the sureties were protected by holding on to the pledge. Permitting the crop to be shipped, under such circumstances, is an act which will release the sureties.

The opinion of the Court was delivered by

LEVY, J.  John N. Pharr, in his petition in this suit, seeks to recover

of Michael McHugh and Mrs. Susan W. Harbour, wife of L. D. Vinson, comprising the planting firm of McHugh & Vinson, as principal debtors jointly, and Henry J. Sanders in his individual capacity, and as curator of the estate. of Richard Stout, deceased, (Stout having died during the pendency of this suit), the said Sanders and Stout being sureties *in solido*, the sum of $4000, with eight per cent interest per annum, from February 10th, 1879, subject to a credit of $1722 67, paid February 7th, 1880.

He also claims of McHugh & Vinson five per cent on the amount sued for as attorney's fees. The plaintiff alleges a planting partnership between McHugh and Mrs. Vinson. The defendant, Mrs. Vinson, admits this partnership. The defendant, McHugh, denies it, and avers that he never consented to be bound by the note given to Pharr, and that it was signed for him, and in his name, as a member of the purported or pretended partnership, without his knowledge, and that he never, subsequently, ratified the same.

At the time the note sued on was given, an act of pledge was executed, signed by L. D. Vinson as " Agent and Attorney in fact of his wife, she being a member of the planting partnership of McHugh and Vinson, who declared that, whereas John Pharr of said parish had this day advanced to said firm of McHugh & Vinson the sum of four thousand dollars, in lawful current money, etc., for which amount he hereby acknowledged that said firm is indebted unto the said Pharr, the said sum · being advanced to them to enable them to purchase supplies, etc., necessary· for the cultivation of a crop of cane and corn on the Camperdown plantation, etc." The act also recites that " this indebtedness is represented by a promissory note of even date therewith, made payable to the order of said Pharr for the sum of $4000, signed by said L. D. Vinson, for McHugh and Vinson ;" and it further contained a stipulation to pay five per cent on the amount sued for, in case of suit for the recovery of said note or any part thereof ; there was also an acknowledgment of a lien or privilege on the crops grown on said plantation during the year 1879, and an obligation to ship the sugar and molasses thus raised whenever and wherever the said Pharr may designate, the proceeds whereof to be applied to the extinguishment of said note. Henry J. Sanders for himself and as curator of the estate of Stout, the sureties, filed an.answer in which he admitted that he had signed the note sued on, but averred " that he had done so in error, that he was under the mistaken belief that there was a planting partnership between McHugh and Mrs. Vinson, which in point of fact never existed ;" that, the plaintiff had a privilege and pledge on the crop of the plantation for the year 1879, it being upwards of 100 hogsheads of sugar and 150 barrels of molasses, etc., which plaintiff by virtue of the pledge had in his possession,

the value of which exceeded the amount of the note sued on ; that by plaintiff's laches he had permitted the crop to be taken away and disposed of by McHugh and Mrs. Vinson, whereby his right of subrogation to all of plaintiff's securities was lost and destroyed. He, specially, avers, that " he would not have signed the note sued on had he not believed in the existence of the alleged partnership, the existence of which he denies, and if it does exist, then he is released by reason of the laches of plaintiff ; and he would not have signed the aforesaid note had he known that L. D. Vinson was without authority to bind the aforesaid firm.

There was judgment in the court below against McHugh and Mrs. Vinson as claimed, and against the firm of McHugh & Vinson, and rejecting the plaintiff's demand against Dr. Sanders and Richard Stout.

The plaintiff Pharr and defendant McHugh have both appealed.

The reasons given by the judge *a quo* are, to our minds, conclusive as to the existence of the partnership. The testimony of the defendant McHugh, himself, establishes nearly all the essential elements of partnership, the purchases made by the several parties, the division of the crops between them, the expense of which was borne by them, the testimony of Mrs. Vinson, the signature of McHugh to a due bill in the name of McHugh & Vinson, all show that he held himself out by words and deeds as partner, and is bound thereby. The evidence as to the authority from McHugh to L. D. Vinson to execute the note sued on, and as to his ratification of the note or loan from Pharr, is vague and not sufficiently definite or clear to enable us to arrive at a decision thereon. Whether such authority to execute, or subsequent ratification by McHugh, was or was not made, does not in our opinion affect the liability of the sureties to Pharr, as we herein show. But we think that as the sureties are entitled to an opportunity to show the authority and ratification by McHugh in order that if they were made they may have their recourse against him, the ends of justice would be promoted by remanding the case for the purpose of the decision of those matters.

In regard to the liability of the sureties, the defenses urged are the non-existence of a partnership between the principal obligors, the belief in which caused the sureties to sign the note. This belief was well founded; the partnership did exist and this defense cannot prevail. The want of authority in Vinson to sign the note for the partnership firm is also alleged as a ground of release. The reasons of the District Judge on the first point are cogent and conclusive, viz: " Having signed the note with Vinson as agent of McHugh & Vinson, they admit the partnership and Vinson's authority and cannot now impeach it." The failure of the plaintiff to enforce compliance with the stipulations and covenants of the pledge is urged also as operating a release of their liability. These stipulations were really more in the interest and for the

benefit and protection of the sureties than the plaintiff. The sureties allege that the crop which was pledged far exceeded in value the amount of the note, yet it is shown that Pharr positively refused to make the loan of the $4000 on the bare security of the pledge of the crop, and agreed to do so only on the condition that Sanders and Stout would become sureties on the note. The pledge was an additional security which, it is evident, did not influence him and induce him to lend his money. Sanders evidently regarded the pledge as enuring to his benefit, for we find him calling on Pharr and requesting him, or, as he says, "urging him to take some action to secure himself (Pharr) on the crop pledged. The inaction or mere failure in this regard did not constitute such act as would release the sureties. 28 An., Case vs. Sarpy ; 29 An. 844, and cases therein cited.

The act itself sets forth that "Pharr has this day advanced to the firm of McHugh & Vinson the sum of four thousand dollars to enable them to purchase supplies, etc., for the cultivation of a crop," etc.

Pharr *advanced the money;* this was done to *enable them to purchase supplies.* They got the money from Pharr; that was what Pharr agreed to do; it would doubtless have enabled them to purchase supplies; they were to make the purchases which he had *enabled* them to do, if they chose, with the money advanced, or rather loaned, but he was not bound to supervise or direct the expenditure of the funds. We do not think the reasons given by the District Court for his judgment releasing the sureties justify their release.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court giving judgment against Mrs. Susan W. Harbour, wife of Lorenzo D. Vinson, be affirmed; that the judgment rejecting plaintiff's demand against Henry J. Sanders as surety on the note sued on and as curator of the estate of Richard Stout, also surety, be annulled and reversed, and that there be judgment in favor of the plaintiff, John W. Pharr, against Henry J. Sanders, personally and as curator of the estate of Richard Stout, deceased, *in solido,* for the sum of four thousand dollars, with eight per centum per annum interest thereon from the 10th of February, 1879, subject to the credit of seventeen hundred and thirty-two 67-100 dollars, paid February 7th, 1880 ; that the judgment against Michael McHugh, individually and as a member of the planting partnership of McHugh & Vinson, be set aside and this case be remanded to the District Court of the parish of St. Mary for trial as to the issues growing out of his alleged authority for the execution of the note sued on and his alleged ratification thereof, and the alleged benefit enuring to him out of the money advanced on said note, with reservation of the right of the sureties on said note to their recourse against the said McHugh, growing out of their said suretyship, and that the appellees do pay the costs of this appeal.