BREAUX, C. J.
Plaintiff sues to recover a personal judgment for commissions claimed of the defendant, amounting in all to $2,-500.
Plaintiff is a home company. Defendant is a corporation organized under the laws of the state of Missouri, and domiciled in that state. Plaintiff became party to a written contract with P. C. Waller, of Calvert, Ala., whereby the latter bound himself to buy for plaintiff’s account not less than 1,500,000 feet of white ash, and not less than 1,000,000 feet of poplar logs, to be delivered at Mobile, Ala. The price of the logs was fixed, and the terms and conditions expressed.
Plaintiff transferred this contract to the defendant, the American Hard Wood Lumber Company, a dealer in hard wood, of St. Louis, Mo. The stipulated commission was to be paid on delivery of the logs.
Plaintiff, the Southern Sawmill Company, charges that the defendant, the said hard wood company, violated the terms and conditions of the contract entered into by it with the defendant, the hard wood company, by releasing the said Waller upon Waller’s binding himself to deliver to it (the hard wood company), in the place of the logs in question, some lumber; that thereupon it (the hard wood company) released Waller:
To state the proposition in another way, plaintiff had obtained a favorable contract from Waller, as vendor, and it (the Southern Sawmill Company) afterward sold it to defendant, the hard wood company, for the commission of $1 per thousand feet, which would have proven a handsome profit if defendant, the hard wood company, had not gone over to its vendor, Waller, and made terms to the plaintiff’s prejudice, as before mentioned.
Plaintiff avers, in substance, that the hai'd wood company, by thus agreeing with Waller, rendered itself liable to the extent of*$l per thousand, commissions on logs which Waller was to deliver for its (plaintiff’s) account, and which plaintiff was to receive on the logs thus sold; the commissions claimed amounting to the sum of $2,500, first before mentioned.
Plaintiff further averred that defendant hard wood company is engaged in business in this state, and is at present “in this state by local agent, acting for it,” and that said defendant, the hard wood company, is rep *133 resented by George H. Cottrell, its secretary, agent,- and business manager, “who is now present in this state, representing and acting for defendant in its business in this state.”
Plaintiff asked for service on defendant through “Cottrell, its secretary, agent, and business manager, or other agent acting for the defendant in this state.”
The return of the service of process shows that the personal service was made on the secretary.
Defendant filed an exception to plaintiff’s suit on the ground
“That the citation herein issued and the return. thereon are illegal, defective, invalid, null, and void, and do not constitute such citation or return as are required by law, or as are necessary and sufficient to bring exceptor before this court, and on the further ground that the court is without jurisdiction in the premises, either ratione materise or ratione personae.”
In the alternative in this exception plaintiff pleaded the prematurity of the action and “ho cause of action.”
The articles of the Constitution relating to corporations are invoked by plaintiff in support of the service of process made on the secretary of defendant company while he was in this state; that is, articles 264 of the Constitution of 1879, and others in the Constitution of 1898 in pari materise.
Plaintiff also invokes Act No. 149, p. 188, of 1890, to “carry article 236 of the Constitution into effect,” which provides, as relates to said article of the Constitution, that a corporation may be sued in the parish in which the cause arose, and service may be made upon those who transacted such business for such corporation. Reference in argument is also made to Act No. 23, p. 29, of 1900, also relating to service of process.
Plaintiff’s contention also is that defendant is carrying on business in this state — not only the business out of which this suit arose, but other business, notably “at Lake Providence, St. Martinville, Zachary, and other places,” to quote from plaintiff’s brief.
It is proper to state — for it has some bearing upon the issues — -that the record does not disclose that defendant owns property in this state, real or personal.
The court overruled the exception, The defendant reserved its grounds as set forth in the exception, and then pleaded the general issue.
The foregoing statement of facts will suffice to consider the issues urged by defendant on its exception.
The exception substantially sets up that it (defendant), upon the service made, cannot be made to stand in judgment.
Plaintiff urges that the exception is not specific enough to raise the question of want of service of process.
We think the exception is direct and specific enough to compel the plaintiff to sustain by proof the right it claims of suing defendant.
The question is one of jurisdiction. The purpose of the action is to obtain a personal judgment. The exception renders it necessary to decide.whether or not the defendant was brought into court, for citation is the foundation of the court’s jurisdiction.
It remains for us to decide whether a nonresident corporation can be brought into court by citing its secretary while he is in this state, although he did not transact “such business for such corporation”; quoting from Act No. 149, p. 188, of 1890.
Not having transacted the business which gave rise to the suit, it is evident, in our view, that plaintiff’s cause, as relates to service of citation, does not fall within the terms of the act just cited.
Whatever may be plaintiff’s right of action, it is not contended that this secretary was the intermediary through which the transaction was entered into. Before proof is admitted connecting an employé with the transaction of the business which gave rise to disagreement, he cannot be cited. It is the business he has transacted, and the cause *134 •of complaint in that connection, which gives .rise to the possibility of citing “each person ■or persons, company or firm, thus transacting business for the corporation.” Id.
This is, we think, the interpretation of which the act in question is susceptible. We have not found, that it admits of another. We cannot conceive it possible to hold that the secretary, who has not transacted the business, is within the intendment of an act specifying the business attended to, and the cause of complaint to which it has given rise, and that “service ■of process may be made upon the person or persons, firm or company other than those acting or transacting such business for such •corporation.” Id.
A designated agent for service cannot pos■.sibly include within its terms a secretary .attending to the business of the company at St. Louis, Mo., and not in the parish “where "the right or cause of action arose.”
Some reference was made in argument to Act No. 90, p. 147, of 1900 — another act relating to service of process. This act pro•vides a mode of service by defendant “by any male person over the age of twenty-one years,” and bears no application to the is.■sues here, which relate exclusively to nonresident corporations and service of persons •on a statutory agent within the limits of this -state.
Reverting to the articles of the Constitution cited supra, whilst it is-true that they .are imperative, and foreign corporations should not be permitted to carry on business without precedent compliance with their re-quirement about appointing an agent, the .act before cited has provided the remedy, which we do not think we should enlarge.
In our view of the law, we must decline to hold that service may be made upon the ¡secretary of the foreign corporation while ¡present in the state.
A domestic corporation could not legally tbe brought into court and made to answer on the service as made; neither may a foreign corporation, in the absence of special legislation to that end.
Decisions of the courts of other states are cited by plaintiff in support of the proposition that corporations can be cited as was done in this ease. ' We, in the main, agree with those decisions that corporations “must submit to such conditions and restrictions as the Legislature may see fit to impose”; quoting from State v. Accident Assurance (Wis.) 31 N. W. 231, one of the most pronounced decisions upon the subject. Here the Legislature has spoken, and has laid down “conditions” and “restrictions” beyond which we do not think we should go.
We cannot conceive that a corporation is within our jurisdiction because its secretary or other subordinate officer may choose to come within the territory of the state.
For reasons assigned, the judgment appealed from is reversed, avoided, and annulled, and plaintiff’s action is dismissed as in case of nonsuit.