(42 South. 939.)

No. 16,169.

WELLS et al. v. BLACKMAN.

(Jan. 21, 1907.)

JUDGES—RECUSATION—APPOINTMENT TO TRY CASE.

Under Act No. 185, p. 430, of 1898, where the judge is recused because of interest, and the opposing litigant makes application for the appointment of a lawyer having the requisite qualifications to hear and try the case, it is the duty of the recused judge to make the appointment as thus applied for; the effect of the act in question being to give to the litigant the selection of the class from which such appointment is to be made, whilst leaving to the interested judge the selection of the individual.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 29, Judges, §§ 224–231.]

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Rapides; John Bachman Lee, Special Judge.

Action by E. M. Wells and others against W. F. Blackman. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

Robert Persifer Hunter and Francis Rivers Richardson, for appellants. Wilbur Fisk Blackman, W. C. & J. B. Roberts, and Blackman & Overton (Andrews & Hakenyos and White, Thornton & Holloman, of counsel), for appellee.

MONROE, J. On motion to recuse the presiding judge and appoint a lawyer.

This being a civil action against the judge of the court in which it was brought, plaintiff suggested his recusation, and moved that a lawyer having the requisite qualifications be appointed to hear and determine it. The judge thereupon recused himself, but appointed a judge of an adjoining district to act in his stead, on the ground that the law leaves the matter of the appointee to his discretion. Plaintiffs having taken their bill to this ruling, defendant pleaded the exceptions of "no cause of action," "no right of action," and estoppel, and, the judge ad hoc having sustained those pleas and dismissed the suit, plaintiffs have appealed. Act No. 40 of 1880, p. 39, § 2, provides that:

"In cases in which the district judge shall be recused, except for cause of interest, he shall, for the trial thereof, appoint a lawyer having the qualifications of a judge of the district court, * * * and, if no lawyer, having the necessary qualifications, can be obtained, at the term of court at which the recusation is declared, the judge (recused) shall, immediately, appoint some district judge, of an adjoining district, to try the case," etc.

Section 3 provides:

"That, in cases in which a district judge shall be recused, for cause of interest, he shall, for the trial thereof, appoint some district judge of an adjoining district," etc.

Act No. 185, p. 430, of 1898, is "An act to amend and re-enact section 3 of Act [No.] 40 [p. 39] of 1880," etc., and it provides that the section referred to shall be amended and re-enacted so as to read as follows:

"Sec. 3. That, in cases in which the district judge shall be recused, for cause of interest, he shall, for the trial thereof, appoint some district judge, of an adjoining district, or, on application of the party, or parties, to such cases whose interest is opposed to that of the district judge, recused for cause of interest, shall appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending."

We find nothing in the act last cited which authorizes the conclusion that it was intended to enlarge the discretion vested in the recused judge in the matter of selecting a person for the trial of a case in which his personal interests are involved. To the contrary, under the act of 1880, that discretion was limited to the selection of one of, possibly, several judges, of adjoining districts,

and, apparently, the General Assembly were of opinion that such discretion limited though it was, should be, in a measure, subject to control, at the instance of the litigant having an opposing interest.

It was, accordingly, provided, as we construe the law, that, whilst the recused judge may appoint the judge of an adjoining district in the absence of any request to the contrary, from the opposing litigant, yet, if such litigant make application to that effect, he "shall appoint a lawyer, having the qualifications," etc. If it had been the intention to confer upon the recused judge the right to select, from judges of adjoining districts, or lawyers practicing before his court, at his option the reference to the action to be taken by the opposing litigants would be superfluous, and, if it had been the intention to confer that right upon him, provided the opposing litigant consent to its exercise, language conveying that idea might readily have been used. But the condition under which a lawyer is to be appointed is that the opposing litigant shall make application for such appointment, and the law provides that, upon such application, the appointment shall be made; the effect of the law, as thus construed, being to give to the opposing litigant the selection of the class from which the judge is to be taken, whilst leaving to the interested judge the selection of the individual.

Upon the argument before this court, it was not insisted upon that there is no lawyer, "having the qualifications of a judge of the court in which the recused cases is pending," who can be appointed to hear said case, and the names of several members of the bar, known to the court, were mentioned, as possessing those qualifications.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court,

118 LA.—10

with instructions to the recused judge to appoint, for the hearing and trial of the same, a lawyer having the qualifications of a judge of said court; all costs, subsequent to the making of the order appointing the Honorable J. B. Lee to the discharge of that function, including the costs of the appeal, to be borne by the defendant, appellee, and all other costs to await the further action of the trial court.