PROVOSTY, J.
Article 264 of the Constitution reads:
“No domestic or foreign corporation shall do any business in this state without having one or more known places of business and an authorized agent or agents in the state upon whom process may be served.”
Act 54, p. 133, of 1904, for carrying said article into effect, reads:
“That it shall he the duty of every foreign corporation doing any business in this state to file in the office of the secretary of state a written declaration setting forth and containing the place or locality of its domicile, the place or places in the' state where it is doing business, and the name of its agent or agents or other officer in this state upon whom process may be served.
“Sec. 2. Be it further enacted, etc., that whenever any such corporation shall do any business of any nature whatever in this state without having complied with the requirements of section 1 (one) of this act, it may be sued for any legal cause of action in any parish of the state' where it may do business, and service of process in such suit may be made upon the secretary of state the same and with the same validity as if such corporation had been personally served.”
Section 1 of this act, as amended by Act 284, p. 423, of 1908, reads:
“That it shall be the duty of every foreign corporation doing business in this state to file in the office of the secretary of state a written declaration setting forth and containing the place or locality of its domicile, the place or places in the state where it is doing business, the place of its principal business establishment, and the name of its agent or agents or other officer in this state upon whom process may be served, provided, that no foreign corporation shall select as its agent or agents for service any person not residing in a parish where said corporation has an established business and, provided further, that service on said agent whether personal or domiciliary shall constitute a valid service on said foreign corporation.”
This act was amended and re-enacted by Act 243, p. 543, of 1912, so as to read:
“That it shall be the duty of every foreign corporation other than foreign insurance companies doing business in this state to file in the office of the secretary of state a written declaration setting forth and containing the place hr locality of its domicile, the place or places in the state where it is doing business, the place of its principal business establishment, and the name of its agent or agents or other officer in this state upon whom process may be served, provided, that no foreign corporation shall select as its agent or agents for service any person not residing in a parish where said corporation has an established business and, provided further that service on said agent whether personal or domiciliary shall constitute a valid service on said foreign corporation. Provided that every foreign insurance company doing business in this state shall appoint the secretary of state its agent upon whom all legal processes shall be served, and_ such service shall be legal and valid, as against such foreign insurance company.”
The plaintiff company had not complied with these laws when it made the Contract sued on with the defendant and when it brought this suit, and an exception was interposed to the effect that by reason of this noncompliance the contract was null and did not give rise to a cause of action. The exception was sustained by both 'of the lower courts, and the plaintiff has applied to this court for a review of the decision.
It was based, we are informed by defendant’s brief, upon the decision of this court in the case of Southern Sawmill Co. v. American Hardwood Co., 115 La. 237, 38 South. 977, 112 Am. St. Rep. 267, and also upon the decision of the Supreme Court of the United States in the case of Cooper Mfg. Co. v. Ferguson, 113 U. S. 727, 5 Sup. Ct. 739, 28 L. Ed. 1137.
The former of these cases involved simply the question 'of the sufficiency of citation of a foreign corporation, and hence in its facts has no analogy with the present case. True, the court said in it, arguendo, that articles 236 and 264 of the Constitution were “imperative,” and that “foreign corporations should not be permitted to carry on business without precedent compliance with their requirement” ; but it also said that “the statute has provided the remedy, which we do not think we should enlarge.”
The other of these decisions is directly in point, for it arose under a constitutional provision expressed in exactly the same words as the one involved in this case, and under a statute practically similar, though somewhat stronger in its terms. Instead of *1099 merely providing, like the one in this ease, that it shall be the duty of foreign corporations to comply with the requirements of the act before doing business, it provided that they shall do so “before they are authorized or permitted to do any business.” The court said that, if the contract sued on was made in violation of a law of the state, it could not be enforced; but that what the state law inhibited was a course of business, or a continuing business, and not a mere isolated transaction like the one involved in the case.
But this same constitutional provision and this same statute came again before the court in this same connection in the case of Fritts v. Palmer, 132 U. S. 282, 10 Sup. Ct. 93, 33 L. Ed. 317, and the Court there held the sanction of these laws was not the nullity, or unenforceability, of the contract, but merely the penalties mentioned in the statute; that if the statute had intended that contracts entered into in the course of such business should be null, or unenforceable, it would have said so.
This last decision is, of course, controlling. The decision of the same court in Interstate Amusement Co. v. W. S. Albert, etc., 239 U. S. 560, 36 Sup. Ct. 168, 60 L. Ed. _, decided January 10, 1916, is not in point; it being based upon a statute entirely different in its terms. The only p'oints there considered were as to whether the plaintiff in error’s business was interstate or intrastate in character, and whether, if the former, the statute in question was not a violation of the “due process of law” and “equal protection clause” of the fourteenth amendment.
The decisions of the Court of Appeal and of the district court herein are therefore set aside, and this case is remanded to be proceeded with according to law; the defendant to pay the costs of this c'ourt and of the Court of Appeal.