FEDERAL SCHOOLS, INC., v. KUNTZ

(April 13, 1931. Opinion and Decree.)

Jos. A. Casey, of New Orleans, attorney for plaintiff, appellant.

W. J. & H. W. Waguespack, of New Orleans, attorneys for defendant, appellee.

CAGE, Judge ad hoc. Plaintiff is a foreign corporation engaged in the business of selling correspondence courses in various branches of education. In the course of its business it contracted with a young lady, Miss Geis, domiciled in New Orleans, for the sale and delivery to her of one of the said courses, and the said contract was guaranteed on behalf of Miss Geis by the present defendant, Emma Kuntz. Plaintiff sues Miss Kuntz, the guarantor, for the sum of $150, claimed to be due under the contract. Defendant filed an exception of no cause of action, which, in the court below, was referred to the merits. We do not understand the effect of an order referring to the merits an exception of no cause of action. Such an exception should be tried on the pleadings, and judgment thereon should not be reserved until the evidence is introduced. After trial on the merits the exception was sustained and the suit dismissed.

The matter is now before us on appeal from that judgment.

The exception of no cause of action is based on several grounds:

First, that the plaintiff is a foreign corporation and has not complied with the Louisiana statutes with reference to foreign corporations doing business in this state;

Second, that the contract sued on is an

absolute nullity, since one of the principals is a minor;

Third, that plaintiff has discharged the guarantor from liability by extending the time for payment;

Fourth, that there is no allegation in the petition showing a delivery or tender of delivery of the educational course which forms the basis of the suit.

With reference to the first ground of the exception, it appears to us that a complete answer to the contention of exceptor is found in the matter of Thos. Cusack Co. v. Ford, 138 La. 1096, 71 So. 196, in which our Supreme Court has said that failure of a foreign corporation to comply with the state requirements before doing business in the state (Act No. 267 of 1914, sec. 23, as amended by Act No. 120 of 1920, sec. 1) does not affect the nullity or unenforceability of the contract, but merely subjects the foreign corporation to the penalties mentioned in the statute (Act No. 267 of 1914, sec. 24).

As to the second ground of the exception, it is true that the young lady who agreed to purchase the correspondence course was a minor and that, therefore, the contract could not be enforced as against her, but this in no way affects the liability of the guarantor of full age, for article 3036 of the Civil Code provides:

"Suretyship can only be given for the performance of valid contracts. A man may, however, become surety for an obligation of which the principal debtor might get a discharge by an exception merely personal to him; such as that of being a minor, or a married woman."

As to the third ground, there is nothing in the pleadings, nor do we find anything in the evidence, on which this contention can be sustained. Apparently, all that plaintiff did was to delay a rather long time in bringing suit, but no harm can

be said to have come to the surety therefrom, and "mere inaction on the part of the creditor does not discharge the surety." Pharr v. McHugh & Vinson et al., 32 La. Ann. 1280. See, also, Hill v. Bourcier & Pond, 29 La. Ann. 844, and Purdy v. Forstall, 45 La. Ann. 814, 13 So. 95.

The fourth ground, that there is no allegation in the petition showing that the course was delivered or was tendered, seems to be well founded, and on this ground the exception was properly maintained; but it should have been maintained with leave to amend, because the failure to allege delivery, or tender of delivery of the goods sold, was plainly an oversight on the part of plaintiff and was such an oversight as could be cured by amendment. Cazeaux v. New Orleans Public Service, Inc., 14 La. App. 320, 124 So. 685; Francis v. Barbazon, 10 La. App. 55, 120 So. 427; Blake v. Jefferson-St. Charles Trans. Co., 8 La. App. 310; Southern Iron & Equipment Co. v. Cardwell Stave Co., 154 La. 109, 97 So. 332; James v. City of New Orleans, 151 La. 480, 91 So. 846.

It is our opinion that the suit should not have been dismissed on the exceptions, but that an opportunity should have been afforded plaintiff to amend its petition, so as to allege affirmatively whether or not the course sold had been delivered, or tendered.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that the matter be and it is remanded to the First City Court of New Orleans, with instructions to permit plaintiff to amend in the particulars referred to, and for further proceedings according to law, and not inconsistent with the views herein expressed.

WESTERFIELD, J., absent, takes no part.