161 So. 1

CENTRAL LUMBER CO., Inc., v. JONES.

In re CENTRAL LUMBER CO.

No. 33290.

April 1, 1935.

Rehearing Denied April 29, 1935.

D. J. Hyams and Rusca & Cunningham, all of Natchitoches, for applicant.

ROGERS, Justice.

This matter comes before us on a rule nisi issued upon the application of the Central Lumber Company, Inc., for a writ of mandamus.

Relator, the Central Lumber Company, Inc., sued James W. Jones, Jr., for a balance due of $682.75 on a running account for lumber sold and delivered to the defendant. The suit was filed in the Tenth district court for the parish of Natchitoches, of which court the defendant is the presiding judge. The citation and a copy of the petition were served on December 27, 1934, and on December 31, 1934, before any pleading had been filed or any appearance made by the defendant, the plaintiff moved that defendant recuse himself for cause of interest, and that a lawyer having the requisite qualifications be appointed to try and decide the case. Subsequently, the judge acting on the motion entered an order recusing himself, but he refused to appoint a lawyer having the necessary qualifications, on the ground that he did not desire to embarrass any member of the local bar. Thereupon, the judge appointed Honorable John F. McInnis, judge of an adjoining district, to try and determine all the issues in-

volved in the case. Plaintiff then applied to this court for a writ of mandamus to compel the defendant judge to vacate his order appointing Judge McInnis and to direct him to appoint some resident lawyer, having the necessary qualifications, to act in his stead.

The relator relies on the provisions of Act No. 109 of 1932 in support of its motion for recusation and appointment of a lawyer to act in the place of the recused judge.

In his return to the rule nisi issued by this court, the respondent judge has pleaded exceptions of no cause or right of action and prematurity. There is no merit in the exceptions.

Respondent alleges that under section 1 of Act No. 109 of 1932, relator has no cause or right of action and its application herein is premature, because respondent has made no appearance in the suit. The allegation is based on the proviso contained in the statute, which reads as follows: "Provided, however, that in cases in which a district judge may be recused for cause of interest that said judge shall not recuse himself unless and until the defendant or defendants, or any one of them, shall make an appearance in court by exception, answer or otherwise and unless the defendant or defendants make an appearance, as aforesaid, the judge may enter defaults and render judgments confirming the same, just as if he were not recusable." It would seem to be plain, from a mere reading of the text, that the proviso is applicable only in a case where a judge himself is the plaintiff, and not in one where he is the defendant, as he is here. However that may be, it is obvious that respondent's objec-tion, which is in the nature of a dilatory exception, should have been specially pleaded in limine. Having acted on the rule for his recusation without objection, respondent's objection, urged for the first time in this court, comes too late and must be considered as waived.

Respondent avers that the relator's application herein is premature, because relator did not first apply to respondent to vacate his order appointing Judge McInnis to act for him. And respondent also avers that relator is without any right of action, because, Judge McInnis having accepted the appointment, respondent is divested of all authority in the case; that respondent cannot entertain any motion or issue any orders in the suit; and that relator has no right to a writ directing respondent to do that which he has no power to do, even on his own motion. It is obvious that these contentions of respondent are wholly inconsistent. Manifestly, if relator was divested of all power by the appointment of Judge McInnis and his acceptance thereof, it would have been a useless proceeding for relator to apply to respondent to vacate the order of appointment, an order which, as he contends, respondent would have been unable to grant. But, aside from that, it was not incumbent upon the relator to reapply to the respondent to do that which the respondent had expressly refused to do on relator's original application. Relator to all intents and purposes had exhausted its remedy before respondent. After respondent had not only refused to comply with relator's demand, but also had actually entered an order quite the contrary, relator's only available remedy was to invoke the supervisory powers of this court.

Respondent's final exception is that relator and its attorney failed to give notice and to state to what court they would apply for writs as shown by the minutes of respondent's court, as is required by the rules of this court.

An extract from the minutes of respondent's court is contained in the record sent up to this court. It shows that after respondent had recused himself and had announced his refusal to appoint a member of the bar to act, and that he would appoint a district judge as soon as he could hear from a district judge who would accept the appointment, counsel for plaintiff announced and gave notice that he would apply for writs of certiorari, mandamus, prohibition, and review.

The minutes specifically show that relator gave notice that he would apply for the remedial writs. As this is the only court in which the validity of respondent's order can be tested, we do not think that respondent was under any misapprehension as to which court relator intended to apply for relief. But respondent's objection is untenable. While the rules of this court provide that in order to stay further proceedings the party intending to apply for a writ of certiorari or review, or for any remedial writ, shall give notice to the judge whose ruling is complained of and to the interested party or parties, they also provide that the failure to give such notice shall not of itself be sufficient cause for dismissing the application or for recalling the rule nisi. See section 2 of Rule 13. 171 La. XIII.

Answering to the merits, the respondent reiterates the objections embodied in his exceptions. He denies that the motion for his recusation was taken up and heard, and avers that on his own suggestion the attorneys having the necessary qualifications had been consulted or employed by either the plaintiff or the defendant, and, not desiring to place any of them in an embarrassing position, he refused to appoint an attorney as requested by relator, and appointed a judge of an adjoining district instead. Respondent avers that in making the appointment he merely exercised the right granted him by Act No. 109 of 1932, which relator sought to defeat.

The point now presented for discussion is covered by the decision in Wells v. Blackman, 118 La. 287, 42 So. 939. It was there held that under Act No. 185 of 1898, where the judge is recused because of interest, and the opposing litigant makes application for the appointment of a lawyer having the requisite qualifications to hear and try the case, it is the duty of the recused judge to make the appointment thus applied for. Act No. 185 of 1898, which was an amendment of section 3 of Act No. 40 of 1880, was itself amended by Act No. 109 of 1932, which is the statute governing this case.

Section 3 of Act No. 40 of 1880 provides: "That in cases in which a district judge shall be recused for cause of interest, he shall, for the trial thereof, appoint some district judge of an adjoining district," etc. Act No. 185 of 1898, which amended section 3 of Act No. 40 of 1880, provides: "That in cases in which a district judge shall be recused for cause of interest, he shall, for the trial thereof, appoint some district judge of an additional district, or, on the application of the party or parties to such cases whose interest is op-

posed to that of the district judge recused for cause of interest, shall appoint a lawyer having the qualifications of a judge of the district court in which the recused case is pending." Act No. 109 of 1932, which amends Act No. 185 of 1898, contains a similar provision. The only difference between the statutes arises from the proviso which is contained in the amendatory statute. The proviso, which is referred to and quoted in the beginning of this opinion, authorizes the recused judge under certain circumstances to enter and confirm defaults.

In Wells v. Blackman, the court pointed out that under the Act of 1880, the discretion of the recused judge was limited to the selection of one of, possibly, several judges of adjoining districts, to try a case in which his personal interests are involved. That apparently the members of the Legislature were of the opinion that such discretion, limited though it was, should be, in a measure, subject to control at the instance of the litigant having an opposing interest. And, accordingly, Act No. 185 of 1898 was enacted to provide that: "Whilst the recused judge may appoint the judge of an adjoining district in the absence of any request to the contrary, from the opposing litigant, yet, if such litigant make application to that effect, he 'shall appoint a lawyer, having the qualifications,' etc." The court further said: "If it had been the intention to confer upon the recused judge the right to select, from judges of adjoining districts, or lawyers practicing before his court, at his option the reference to the action to be taken by the opposing litigants would be superfluous, and, if it had been the intention to confer that right upon

him, provided the opposing litigant consent to its exercise, language conveying that idea might readily have been used. But the condition under which a lawyer is to be appointed is that the opposing litigant shall make application for such appointment, and the law provides that, upon such application, the appointment shall be made; the effect of the law, as thus construed, being to give to the opposing litigant the selection of the class from which the judge is to be taken, whilst leaving to the interested judge the selection of the individual."

The record indicates and the return discloses that the respondent disposed of the application for his recusation and for the appointment of a person to try the case on the face of the papers. There is nothing to show, outside the vague statement contained in the return, which is purely ex parte, that there is no lawyer having the necessary qualifications who can be had to try this case. If such a lawyer can be had, under the provisions of Act No. 109 of 1932, the respondent should appoint him, as requested by the relator.

For the reasons assigned, it is ordered that the rule herein issued be made absolute, and, accordingly, that the order of the respondent judge appointing Judge John F. McInnis to try relator's case against him be annulled. It is further ordered that respondent appoint for the hearing and trial of the case a lawyer having the qualifications of a judge of the court in which it is pending; all costs subsequent to the making of the order appointing Judge McInnis to perform that function, including the costs of this application, to be borne by the respondent; all other costs to await the further action of the trial court.