HIGGINS, Justice.
 

 On the application of the relator for writs of certiorari and mandamus, we issued a rule nisi against the district judge, who was sued by the relator, to show cause why he should not be compelled to recuse himself and appoint another judge to try the case.
 

 Respondent in his return denies that any motion to recuse himself ,and appoint a judge to try the case was ever served on him or called to his attention, except when relator notified him of its intention to apply to this court for writs. He excepted to the relator’s application on the grounds of prematurity and want of service or notice of the motion of recusation.
 

 The record shows that on February 8, 1935, relator filed suit against respondent on a promissory note. On October 18, 1935, he accepted service and waived citation. On the same day, relator filed a motion of recusation and to appoint a judge of an adjoining district to try the cause. On February 19, 1936, plaintiff filed a petition in which it alleged that the original record'had been lost or destroyed; that relator wished to have a voluntary nonsuit entered, without prejudice; and that the defendant be served, according to law. On the same day, relator also filed a written motion, requesting the recusation of the respondent and the appointment of a judge of an adjoining district to hear and determine the case.
 

 Annexed to relator’s application is a certificate from the deputy clerk of the district court dated February 29, 1936, in which he certifies that on February 20, 1936, personal service of the petition, together with the application of relator for the recusation of respondent and the appointment of a judge to try the case, was made upon respondent.
 

 Annexed to the respondent’s return is another certificate of the same deputy clerk of
 
 *33
 
 court, dated March 26, 1936, in which he certifies that the original record had been located in his office, it having been misplaced; that the original motion filed on October 18, 1935, to recuse the respondent was not filed in open court, and that service thereof was not made on respondent nor accepted by him.
 

 An examination of the record confirms the latter certificate of the deputy clerk of court and there is no complaint by relator that the record filed here by respondent is incomplete or in any way incorrect. We fail to find in the record any evidence to show that the second petition and the second application to recuse the respondent was ever served on the respondent on February 20, 1936, or that the second motion to recuse was ever presented to the district judge in open court or otherwise.
 

 The provisions of Act No. 109 of 1932, invoked by relator, are not automatic, because the party litigant who claims thereunder has a right to demand that the recused district judge appoint a qualified attorney to try the case rather than a judge of an adjoining district. Central Lumber Co. v. Jones, 182 La. 1, 161 So. 1.
 

 Relator, having failed to show that respondent had been properly called upon to recuse himself and appoint a judge of an adjoining district to try the case, and the provisions of the statute not being self-operative, the exceptions of prematurity and want of notice are well founded and are sustained.
 

 We feel confident that when the district judge has been properly apprised of the motion of relator to recuse himself, he will forthwith do his plain .mandatory duty and appoint a judge of the adjoining district to try the case. It is unthinkable that a judge who is a party litigant would attempt to try his own case.
 

 The rule nisi is discharged and vacated, and the application of the relator dismissed at its costs.
 

 O’NIELL, C. J., absent