P-ONDER, Justice.
 

 The plaintiff, Philip Rowley, brought suit against the defendant, Bird Island Trapping Company, seeking to have the assignment of a certain lease declared null and void. The suit was dismissed on exceptions of no cause and no right of action. The plaintiff has appealed.
 

 From a reading of the plaintiff’s petition, it appears that on June 29, 1939, the Board of Commissioners for the Lake Borgne Basin Levee District executed a lease to the plaintiff, granting him exclusive hunting and trapping rights on certain lands for a period of five years. On the same date, the plaintiff assigned the lease to the defendant. The defendant, Bird Island Trapping Company, a corporation created under the laws of the State of Delaware, qualified to do business in the State of Louisiana in the year 1927 under the provisions of Act 107 of 1922. The defendant filed its annual statements, as required by the Act, during the years 1927, 1928 and 1929. On April 1, 1931, the charter of the defendant corporation was revoked and voided by the Secretary of State for the State of Dela
 
 *276
 
 ware. Approximately eight years thereafter, on March 17, 1939, the Secretary of State for the State of Delaware notified the Secretary of this State that the defendant’s charter was revoked and voided on April 1, 1931. No annual statements were filed by the defendant corporation as required by Act 107 of 1922 with the Secretary of the State of Louisiana for the years 1930 to 1940 inclusive. On November 22, 1940, the Secretary of the State of Delaware notified the Secretary of this State that the charter of the defendant corporation had been renewed and revived.
 

 The plaintiff contends that the defendant corporation had not complied with/the provisions of Act 107 of 1922 when the plaintiff executed the assignment of the lease 'to it. He relies on Section 3 of Act 107 of 1922 which provides that any foreign corporation failing to comply with the provisions of the Act thereby forfeits its charter or permit to do business in this State.
 

 Act 107 of 1922 is an act requiring foreign corporations to pay a tax on their capital stock and any increase thereof. The Act also requires such corporations to file annual statements with the Secretary of State, showing the total amount of their authorized capital stock, their gross assets employed in this State, and their total gross assets wherever employed.
 

 Section 3 of Act 107 of 1922 provides as follows:
 

 “Any such corporation which shall fail to comply with the provisions of this act shall thereby forfeit its charter or permit to do business in this State, and for the purpose of enforcing this act, the Secretary of State or any assistant whom he may designate shall have access to the books, papers, and other records of the corporations herein affected, at any and all times, during business hours.”
 

 The Act levies a franchise tax on foreign corporations for the privilege of doing business in this State. It is a revenue act pure and simple. The fact that the corporation has failed to pay the tax or file its annual statements required by the Act could be no concern of the plaintiff. Whether the corporation is unlawfully exercising corporate powers are matters which concern the State or the State’s business. If the State acquiesces in the usurpation of corporate powers, individuals cannot complain. Shreveport Long Leaf Lumber Co. v. Jones, 188 La. 519, 177 So. 593; New Iberia Sugar Co. v. LaGarde, 130 La. 387, 58 So. 16; Weil v. Leopold Weil Building Co., 126 La. 938, 53 So. 56; Dillard v. Hal Brown & Co., 5 Cir., 22. F. 2d 677, writ of certiorari denied by U. S. Supreme Court, 277 U.S. 287, 48 S.Ct. 434, 72 L.Ed. 1001; D. R. Wilder Mfg. Co. v. Corn Products Co., 236 U.S. 165, 35 S.Ct. 398, 59 L.Ed. 520, Ann.Cas.1916A, 118.
 

 The failure of a foreign corporation to comply with State requirements before doing business in this State would not affect the nullity or unenforceability of contracts entered into in the course of the corporation’s business. If the Legislature had intended that contracts entered into in the course of such business should be null or unenforceable it would have manifested such intention. Fritts v. Palmer, 132
 
 *278
 
 U.S. 282, 10 S.Ct. 93, 33 L.Ed. 317; Thomas Cusack Co. v. Ford, 138 La. 1096, 71 So. 196; Shreveport Long Leaf Lumber Co. v. Jones, supra; see, also, 23 Am.Jur., Foreign Corps., § 352, page 329; 13 Am. Jur., Corps., Sections 60 and 61 pages 203-206.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellant’s cost.
 

 ROGERS, J., absent.