<hr />

## J. A. BOYKIN v. B. F. HOLDEN.

*Where a party repudiates the authority of an attorney at law to have acted for him, it is necessary that it should be supported by his own oath, and not that of an agent.*

APPEAL from the District Court of Terrebonne, *Randall*, J. *Winchester Hall*, for plaintiff. *C. Belcher*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff has enjoined the execution of a judgment obtained against him by *Holden*, alleging that he was not cited, nor did he make any appearance in the cause, and that the attorney who appeared for him, and confessed judgment, had no authority to do so.

Although *Boykin* alleges himself in the petition to be a resident of Terrebonne, and his presence in that parish at the time of bringing this suit may, in the absence of evidence to the contrary, be fairly inferred from the fact that the injunction bond is signed by him; yet he has not sworn to the truth of the matters alleged in the petition. The oath is taken by his attorney at law, to the best of his knowledge and belief. In repudiating the appearance made for him in the case of *Holden* v. *Boykin*, by an attorney at law, it was his duty to support his assertion by his own oath. *Ingram* v. *Richardson*, 2d Ann. 840. *Conrey* v. *Brenham*, 1st Ann. 397. *Hill* v. *Bowden*, 3d Ann. 258.

We need not decide whether the presumption in favor of the authority of an attorney at law to represent a party in a judicial proceeding extends to a confession of judgment. It is enough that we are permitted to presume his authority to make an appearance; for, in the present case, the judge did not act upon the mere confession of the attorney. Testimony was heard at the trial, and the judgment of the court recites that the plaintiff had " proved the facts stated in his petition."

There is in the record an affidavit of *Boykin*, and a bill of exceptions to the opinion of the district judge, refusing to admit it in evidence. It does not appear from the bill of exceptions that the document was offered at the trial of the cause; and there are other circumstances of irregularity, which make it questionable, at least, whether the bill of exceptions should be noticed. But it is sufficient to say, that the affidavit referred to in the bill is loose and unsatisfactory. It does not say in what cause, or on what occasion it was that the attorney at law had represented him without his authority.

The judgment of the district court is therefore affirmed, with costs.