### No. 9019.

### WIDOW PAUL ELOI VS. VICTOR ELOI.

The opinions of witnesses who are not physicians or experts in matters of insanity, touching the condition of the mind of a human being, are entitled to little or no weight as evidence in a trial involving the alleged insanity of a person.

Such witnesses should state facts and incidents in the life and conduct of the party, from which the court alone is authorized to draw inferences and legal deductions touching the true condition of the mind of the person on trial for interdiction.

Great weight and legal effect will be given to the opinion and report of physicians and experts appointed to inquire into the condition of the party.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

---

*L. Marrero* for Plaintiff and Appellant.

*Branch K. Miller*, Curator *ad hoc, contra.*

---

The opinion of the Court was delivered by

POCHÉ, J. This is an action for the interdiction of the defendant, who is now under sentence of death for the murder of his wife.

The plaintiff, his mother, alleges that he is of unsound mind and wholly irresponsible for his actions, and that he has been in that condition from his infancy, insanity being hereditary in his family.

The case was tried contradictorily with a curator $ad^2 hoc$ appointed by the court, and the judgment was against plaintiff. Hence this appeal.

Under the order of the court the defendant was thoroughly examined by a commission of eminent physicians who, in an able and elaborate report, informed the court that, in their opinion, the defendant was not insane or of unsound mind, and that he was responsible for his actions.

All the proceedings in the case were carried on with great legal accuracy, and every facility was extended to the mother in her last and desperate effort to rescue her son from his impending doom.

Her counsel introduced the testimony of a large array of witnesses, principally friends and neighbors, who had known the defendant for several years, and who all joined in the opinion that the defendant, Eloi, is a person of a low order of intellect, an imbecile or a man wholly incapable of taking care of his own person or of managing his own affairs. A few of the witnesses went so far as to say that Eloi was and had always been a person of unsound mind and wholly irresponsible for his actions.

As should be naturally expected in a case of such importance and of such immense consequence to one of our fellow-men, we have read, considered and closely analyzed all that testimony, and we leave it with the painful conviction that it falls short of its intended effect.

None of the witnesses introduced by plaintiff are physicians or experts in matters of insanity. Hence it follows that under elementary rules of evidence, little or no weight can be given to their opinions as to the mental condition of the defendant.

It is worthy of particular notice, that notwithstanding the repeated efforts of the district judge, and of the counsel on both sides to draw from the witnesses statements of facts and of actions in the life of the defendant, on which they based their conclusions touching the state of his mind, the record is almost barren of those essential requisites in the trial of such an issue.

On the other hand, it is gratifying to us to have noticed that in their report the eminent physicians who composed the commission *de lunatico inquirendo*, are by no means as bold in their assertions, and that

every conclusion or expression of opinion which they report is based on, and amply supported by, facts which they discovered, either in their examination of the defendant, or in the evidence of witnesses whom they examined.

Their report, taken in connection with the testimony adduced on the trial, has entirely satisfied us of the correctness of the judgment appealed from.

Judgment affirmed.