### No. 887

### First Circuit

———

### DEPETRO v. MITCHNER

———

(December 8, 1931. Opinion and Decree.)

———

See 16 La. App. 321, 134 So. 273.

R. F. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Leslie A. Fitch, of Baton Rouge, attorney for defendant, appellee.

MOUTON, J. In September, 1929, plaintiff instituted suit claiming damages for personal injuries suffered by his daughter, Lena Depetro, the alleged result of an automobile collision caused by the fault of defendant.

During the trial the following occurred which appears from a statement of facts in the brief of counsel for plaintiff and appellant, to-wit:

"That when the trial was begun, plaintiff introduced the testimony of three or four witnesses, by whom he attempted to establish facts at variance with those alleged in his petition; that this testimony was objected to by the defendant; that the Court sustained the objection and plaintiff's counsel realizing, as he was informed by the Court, that if the case proceeded any further along those lines that a 'definitive judgment would be rendered against him' offered to amend his petition which remedy was denied him by the trial court as having come too late. Whereupon counsel for plaintiff then and there moved to dismiss that suit as of non-suit. His motion was granted, the suit was accordingly dismissed."

Civ. Code, art. 3518, provides for the legal interruption of prescription by suit. In referring to this interruption of prescription article 3519, Civ. Code, reads:

"If the plaintiff in this case, after having made his demand, abandons or discontinues it, the interruption shall be considered as having never happened."

In the case of Dennistoun v. Rist, 9 La. Ann. 464, in interpreting article 3519 of the Civil Code, above referred to, the court said:

"Plaintiffs sued on a promissory note; and on motion of their counsel, it was ordered 'that judgment be rendered against plaintiffs as in case of nonsuit.' Held: that this was a voluntary discontinuance of plaintiffs' suit under Article 3485 of the Civil Code [now article 3519], and therefore the interruption of prescription from having instituted the suit, shall be considered as never having happened, although it appeared probable from the record that the discontinuance was made with the view of reviving the suit under more favorable auspices."

From the statement of facts, above reproduced, plaintiff in dismissing his suit, likewise we think, intended to renew it under more favorable auspices. Even if so, this issue must be resolved against plaintiff under the further comment of the court in the case above cited, which is as follows:

"Although it is not impossible from the matters appearing in the record that plaintiffs fearing they were not able to make out their case, and that judgment would therefore be rendered in favor of defendants, applied for a non-suit, not with the intention of abandoning their claim, but on the contrary, with the intention of renewing it under more favorable auspices, still, under the authority above cited, we are constrained to regard their act as a voluntary discontinuance in the sense of article 3485 of the Civil Code."

In the case of Davis et al. v. Young, 35 La. Ann. 739, in giving its interpretation to article 3519, Civ. Code, and in which it cites with approval the decision in Dennistoun v. Rist, 9 La. Ann. 464, hereinabove referred to, and Smith v. Gibbon, 6 La. Ann. 684, upon which that latter decision is grounded, the court took occasion to say that:

"There exists no essential difference between a discontinuance and a voluntary non-suit. A suit in which plaintiff is non-suited * * * does not interrupt prescription, whatever * * * may appear to the contrary. A voluntary non-suit is equivalent to an abandonment."

It is therefore clear that when the original demand against defendant was non-suited on motion of counsel for plaintiff, it was equivalent to an abandonment of the suit, and did not interrupt prescription, whatever might have been the intention to the contrary. Such is the doctrine announced by the court in the decisions above cited, and which have never been overruled or modified as far as we are aware.

It must therefore be held that no interruption of prescription ever happened in the case under the provisions of article 3519, Civ. Code.

The second suit was brought in July, 1930, in which it is alleged that the personal injuries, for which the damages are claimed, were suffered in a collision which occurred in November, 1928, more than one year prior to the filing of that suit which was therefore barred by the prescription urged as an exception by defendant and correctly maintained below.