9 So.2d 399

**POLICE JURY OF TANGIPAHOA PARISH v. BEGNAUD, State Bank Commissioner.**

No. 36326.

June 29, 1942.

Ponder & Ponder, of Amite, for appellant.

Bolivar E. Kemp, Jr., Dist. Atty., of Amite, for appellee.

O'NIELL, Chief Justice.

The Police Jury of the Parish of Tangipahoa is suing to compel the State Bank Commissioner to carry out a compromise settlement of accounts that was agreed upon between the police jury and the Tangipahoa Bank & Trust Company in liquida-

tion. The judge of the district court gave judgment for the police jury, ordering the bank commissioner, who is ex officio liquidator of the defunct bank, to carry out the agreement. He is appealing from the decision.

The compromise agreement was made by a resolution of the police jury, adopted in the presence and with the approval of the special agent for the commissioner in the liquidation of the bank, and in the presence and with the advice and approval of the attorney at law who had been appointed recently by the commissioner as attorney for the liquidation of the bank. Of the nineteen members composing the police jury, eighteen attended the meeting and all but one voted for the resolution. One member present did not vote, but gave no reason for not voting. The detailed statement of the account, the settlement of which was agreed to, shows seven items of indebtedness to the bank, amounting to $6,778, and shows deposits of the police jury in twelve separate accounts, amounting to $24,666.73, on which the bank was withholding distributive dividends amounting to $3,329.99. In the list of debts due to the bank there was a judgment for $4,034.09 against the police jury and the sheriff in solido. It was declared in the resolution that the police jury owed the sheriff $4,200; that the interest on the debts due to the bank amounted to $4,472.-68; and that the liquidator had agreed to accept in settlement of the balance due to the bank the promissory note of the police jury, subject to the approval of the State Bond and Tax Board, bearing interest at 4 per cent per annum. It was declared in the resolution that the result of the settlement would be that the police jury would pay the sheriff $4,034.09 due on old claims, that he would thereby pay the judgment held by the bank, and that the bank in liquidation would be released from the payment of the distributive dividends due to the police jury. It was resolved that the district attorney, who is ex officio attorney for the police jury, and who was present at the meeting, should procure the necessary order of court to authorize and effect the settlement, and that the parish treasurer should sign all necessary instruments to complete the transaction. Fifteen days after the adoption of the resolution, the judge of the district court rendered a judgment, ex parte, approving the proposed settlement. The judgment was rendered on a petition or motion signed by the district attorney for the police jury and by the newly appointed attorney for the bank commissioner. It was declared in the judgment that it was rendered on the joint motion of the police jury, represented by the district attorney, and of the state bank commissioner and ex-officio liquidator of the Tangipahoa Bank & Trust Company, acting through his attorney "duly authorized to act on behalf of the said state bank commissioner", and that the agreement of settlement was for the best interest of the parties concerned. A certified copy of the resolution was annexed to and made a part of the judgment.

It was alleged in the petition in this suit that, notwithstanding the State Bond and Tax Board approved the issuing of the note by the police jury, the bank commissioner refused to carry out the agree-

ment on the ground that the police jury should pay the attorney's fee due on the judgment for $4,034.09 against the police jury and the sheriff.

In his answer to the suit the bank commissioner averred that the agreement made pursuant to the resolution of the police jury was made without his knowledge or consent; that "his present attorney" had no authority to settle the claims against the police jury, as those matters had been reserved specifically to the firm of attorneys who previously had represented him and his predecessor in office, and who had brought the suits on the claims. He contended that the police jury should not only pay the amounts due but "should pay all costs and attorneys' fees thereon". He prayed that the suit of the police jury should be dismissed, or, in the alternative, if the court should hold that there was a binding agreement, then that it should be clarified and amended to conform with his objections.

It is not charged that there was any fraud or error, imposition or overreaching, on the part of any one, in the settlement that was agreed to.

 There is no evidence that the bank commissioner, before answering this suit, ever denied that his special agent or his newly appointed attorney had authority to represent him as liquidator of the bank in the settlement which the special agent and attorney consented to, in pursuance of the resolution of the police jury. The evidence shows that the special agent had been regularly appointed and was generally known to be the special agent

for the liquidator of the bank and had been acting as such for several years in the settlement of claims due to the bank; and it is admitted that the attorney who advised and consented to the proposed settlement, and who signed the petition or motion on which the proposed settlement was approved by the court, was the regularly appointed attorney for the bank commissioner in the liquidation of the bank. If the authority which the special agent and the attorney for the bank commissioner exercised in agreeing to the settlement is to be repudiated by the commissioner, it should be done by him under oath. Dockham v. Potter, 27 La.Ann. 73. The commissioner did not sign the answer to this suit, or the subjoined affidavit. The affidavit was made by a member of the firm of attorneys who filed the answer, and was made "to the best of his information, knowledge and belief". The answer was filed by the firm of attorneys who represented the predecessor in office of the incumbent bank commissioner, and who represented the incumbent himself up to the time when he appointed the attorney who represented him in the compromise agreement with the police jury. Even though this newly appointed attorney testified on the trial of this case that he did not believe that the bank commissioner would approve the allegation in his answer that the attorney did not have authority to represent him in the agreement that was had with the police jury, the bank commissioner did not testify or file any pleading or statement in denial of the authority which the attorney and the special agent of the commissioner exercised. Our con-

clusion therefore is that the attorney and the special agent had the necessary authority to represent the bank commissioner in the proposed settlement with the police jury.

The only remaining question is whether the settlement could be made without the consent of the attorneys who represented the former bank commissioner in obtaining the judgment for $4,034.09 against the police jury and the sheriff in solido. The judgment was not offered in evidence in this case; neither was the note or other evidence of the debt on which the judgment was obtained offered in evidence. We assume from the statements of counsel in their pleadings and in their briefs that the parties against whom the judgment was rendered were condemned to pay the attorney's fee at a stipulated rate on the $4,034.09. If that is true the commissioner—or the bank in liquidation—may yet owe the fee to the attorneys who obtained the judgment. The evidence on that subject in this case is not enough to support an opinion one way or another. It is sufficient to say that, if the judgment for the $4,034.09 does call for the payment of an attorney's fee at a stipulated rate or for a stipulated amount, that fact could not prevent the holder of the judgment from making a valid settlement with the debtor or debtors without the consent of the attorney or attorneys who obtained the judgment. The holder of an instrument in which the maker promises to pay a stipulated sum or percentage for the attorney's fee if an attorney is employed to collect the instrument has the right to collect the whole amount, including the attorney's fee, but must pay the fee to the attorney employed to collect the debt. Foundation Finance Co. v. Robbins, 179 La. 259, 153 So. 833. Accordingly, the right of the attorneys who obtained the judgment for $4,034.09 for the defunct bank, to collect whatever the bank or the bank commissioner owes them, is not affected by the judgment rendered in this case.

The defendant, after filing his answer to this suit, filed an exception of vagueness and an exception of no cause or right of action. The judge ruled rightly that the exception of vagueness was waived by the filing of the answer to the suit. The judge overruled also the exception of no cause or right of action. That exception was founded upon the contention that the plaintiff did not allege that the attorney who attended the police jury meeting and consented to the proposed settlement of the debts due to the bank had authority to represent the bank commissioner as liquidator of the bank. Our opinion is that the allegation that the attorney, being a practicing attorney at law, represented the liquidator in the proceedings—and particularly that he signed as attorney the joint motion to have the proposed settlement approved by the court—was a sufficient allegation that the attorney had authority to represent the liquidator. It is not to be presumed that an attorney at law who appears in court as the representative of a client is acting without authority.

The judgment is affirmed.

PONDER, J., takes no part.