19 So.2d 96

Interdiction of ESCAT.

No. 37306.

June 26, 1944.

Borris Burk and Charles J. Rivet, both of New Orleans, for appellant.

R. A. Dowling, of New Orleans, for appellee.

ROGERS, Justice.

Defendant appeals from a judgment declaring her to be an interdict and a per-

son mentally incapable of taking care of either her person or her property. Plaintiff is defendant's niece with whom she is living. Defendant was personally cited, and on her failure to answer, the court appointed a curator ad hoc with whom the case was contradictorily tried.

The appeal poses the question of whether there is sufficient evidence in the record to justify the judgment of interdiction.

Only two witnesses were heard on the trial of the case. One of the witnesses is an eminent psychiatrist, who was asked, and answered, five questions propounded by counsel for plaintiff and one question propounded by the curator ad hoc. The witness testified that he had treated the defendant for several weeks at the home of her niece and at the DePaul Sanitarium where she was admitted on his advice; that when the defendant was discharged from the sanitarium, she was in the same mental condition as she was when she was admitted. Asked if, in his professional opinion, defendant was capable of taking care of her person and property, the witness answered that she was not. Asked further if defendant was "mentally incompetent," the witness answered, "yes." In his testimony the witness does not describe defendant's physical or mental condition. He does not mention any symptoms or refer to any acts of the defendant which are inconsistent with the symptoms or acts of a person capable of taking care of her person or property. Nor does he indicate what treatment he administered or recommended for her alleged infirmity.

The other witness, a nonexpert, testified that he was acquainted with defendant and her family for about fifteen years and that, in his opinion, defendant is in a very bad shape and that he considers she is insane. The witness stated, in answer to questions propounded by the curator ad hoc, that he had been asked by the family to act as curator of the interdict and that he was willing to do so and that he could give bond. The witness, as shown by the record, was appointed curator of defendant after the judgment of interdiction was rendered.

The curator ad hoc stated to the court that he had interviewed the coroner of the parish who had examined the defendant and that the coroner told him he felt sure defendant was mentally unbalanced and unable to take care of her person and property. The curator ad hoc further stated that he had called at the residence of defendant and after talking to her niece, the plaintiff in the interdiction proceeding, he left there with the impression that the defendant was not competent to take care of her affairs.

■ While in an interdiction proceeding witnesses, both expert and nonexpert, may express their opinions as to the mental condition of the person sought to be interdicted, they must state the facts upon which their opinions are based from which the court alone may draw its inferences touching the condition of the mind of the person under investigation.

■ The rule of evidence followed in this State is set forth in Chandler v. Barrett, 21 La.Ann. 58, 99 Am.Dec. 701, where-

in it was held, as shown by the sixth paragraph of the syllabus: "The opinions of medical men are received upon questions of professional skill; but they should state the facts on which such opinions are based, and the opinions themselves are not conclusive but must be weighed as other evidence." See to the same effect Godden v. Executors of Burke, 35 La.Ann. 160.

In Francke v. His Wife, 29 La.Ann. 302, this Court held, as shown by the second paragraph of the syllabus: "In passing on the issue of interdiction, the court will not be controlled by opinions of experts, but giving to them a respectful consideration, and to every fact bearing on the issue its legitimate weight, will form, and decree its own conclusions."

In Bell v. Acacia Mutual Life Insurance Co., 204 La. 1005, 16 So.2d 821, it was held, citing authorities, that the opinions of nonexpert witnesses are admissible to prove insanity, provided the witnesses first testify to specific facts on which their opinions are based.

And in Eloi v. Eloi, 36 La.Ann. 563, which was an interdiction proceeding, the Court held that the opinions of nonexpert witnesses, touching the condition of the mind of a human being are entitled to little or no weight, but such witnesses should state facts and incidents in the life and conduct of the party, from which the court alone is authorized to draw inferences and legal deductions touching the true condition of the mind of the person on trial for interdiction.

It is manifest that since the necessity for defendant's interdiction rests solely up-

on the testimony of one expert and one nonexpert witness, to whom we have referred, no sufficient cause is shown why a decree, which entails such serious consequences upon its subject, should be rendered. Neither of these witnesses, as a predicate for his opinion, has stated any facts or circumstances upon which it is based and from which the Court is able to form and decree its own conclusions.

While the unsworn statement of the curator ad hoc regarding his interviews with the coroner of the parish and the niece of defendant, who provoked the interdiction proceeding, is evidence of his diligence and good faith, it is not relevant to show the mental condition of the defendant. The niece, with whom defendant resided, did not appear and testify on the trial of the case. The nonexpert witness, in explanation of the niece's failure to appear in court, stated her aunt's condition was such that morning that she was afraid to leave her, although she would arrange to appear if it were necessary for her to do so.

The explanation which the witness offered for the nonattendance in court of the defendant's niece, who, obviously, was in a position to give important testimony as to facts and circumstances tending to show defendant's physical and mental condition, is not satisfactory. The explanation merely shows that it was inconvenient and not impossible for defendant's niece, the plaintiff in the proceeding, to appear in court and certainly exhibits no reason why her testimony could not have been taken out of court.

■ Our conclusion is that while the evidence in the record is not sufficient to sustain the judgment of interdiction, it is sufficient to justify a further hearing on the question of whether defendant is mentally incompetent to care for her person or her property, and the case should be remanded for that purpose.

For the reasons assigned, the judgment appealed from is annulled and the case is remanded to the district court for further proceedings consistent with the views herein expressed; all costs to await the final disposition of the case.

PONDER, J., takes no part.