FOURNET, Justice.
 

 This is a sequel to our recent decision in the case of Interdiction of Escat, 206 La. 207, 19 So.2d 96, wherein we reversed a judgment of the lower court interdicting Mrs. Jennie Kessling Escat, because of the insufficiency of the evidence sustaining that judgment, and remanded the case to the lower court for the introduction of further evidence. The case is now before us on writs granted Henry J. Cox, the curator appointed by the court to represent Mrs. Escat, in order that we might review the refusal of the trial judge to compel the Recorder of Mortgages to cancel the inscription of the curator’s bond inscribed in the records of his office after the curator had been discharged, his bond cancelled, and the suit dismissed by order of the lower court upon the joint motion of the plaintiff and defendant.
 

 While the trial judge has made no response to the rule issued in this case, we gather from the record as made up that when this case was remanded to the lower court for the introduction of additional evidence to sustain the contention of the plaintiff that Mrs. Escat was incapable of caring for her person or property, the plaintiff, having no further evidence to introduce, joined the curator in filing a motion asking that the suit be dismissed, the curator discharged, and the inscription of his bond in the mortgage office cancelled, and that an order was accordingly issued by the judge of Division “C”, but that, subsequently, the judge of Division “B” refused to make absolute the rule directed to the Recorder of Mortgages ordering him to show cause why this mortgage should not be cancelled, holding, as contended by counsel for the recorder, that the order discharging the curator and cancelling his bond had been improvidently granted since the case was remanded to the lower court for the introduction of additional evidence to supplement that of an eminent psychiatrist who had testified Mrs. Escat was unable to care for her person or property, and
 
 *231
 
 that this was particularly true in view of the fact that a judge may ex officio pronounce an interdiction under the provisions of Article 391 of the Revised Civil Code. It was to review this holding that we granted the writs in this sequel.
 

 Counsel for the recorder, appearing in this court, contends that the writs herein granted should be recalled because the proper procedure in this case is by way of appeal from the judgment of the district court dismissing the rule directing the Recorder of Mortgages to show cause why the curator’s bond should not be cancelled from the records of his office; in the alternative, that the holding of the trial judge is correct.
 

 While this court will not ordinarily grant writs where the party applying for them has a right of appeal from the ruling complained of, we do have the right under our supervisory jurisdiction to grant such writs, and we will grant them when we think this means will justify the end sought to be accomplished.
 

 Under the express provisions of Article 491 of the Code of Practice, “The plaintiff may, in every stage of the suit previous to judgment * * * discontinue the suit on paying the costs,” and, as expressed in the syllabus of the case of Shreveport Long Leaf Co. v. Jones, 188 La. 519, 177 So. 593, “A motion to discontinue a suit takes effect the moment it is filed, without an order of dismissal by the court.” See, also, Person v. Person, 172 La. 740, 135 So. 225.
 

 An order having been issued in the lower court upon the joint motion of the plaintiff and defendant dismissing these proceedings, discharging the curator, and cancelling his bond, the Recorder of Mortgages is without interest or right to question the proceedings further. The trial judge is likewise without right to reinstate a case that has been thus dismissed. Any judgment rendered subsequent to its dismissal is null. Gilbert v. Meriam, 2 La. Ann. 160; Liquidators v. Berthelot Bros., 118 La. 380, 42 So. 971; Monvoisin v. Plant, 147 La. 464, 85 So. 206. The right of a judge to pronounce a judgment of interdiction ex officio, under the wording of the article of the Revised Civil Code relied on by him, is predicated upon there being a proceeding pending before him.
 

 For the reasons assigned, the ruling of the trial judge dismissing the rule to show cause why the inscription of the bond of the curator, Henry J. Cox, in the office of the Recorder of Mortgages should not be cancelled, is annulled and set aside and the Recorder of Mortgages is hereby ordered and directed to cancel the inscription of this bond, recorded in Book 1596 at Folio 149.