PER CURIAM.
In each of these six cases, all of which, by consent, were consolidated with a seventh case, Plaquemines Parish School Board v. Chester Davis, both in the District Court and in this Court, the Plaquemines Parish School Board is seeking to expropriate lands within the Parish of Plaquemines alleged to belong to the respective defendants. In each of the cases it is alleged either that the record owner of the land is a non-resident, or that the said record owner has died and that no proceedings have been taken to send the heirs in possession, and in each it is, therefore, alleged that there is necessity for the appointment of a curator ad hoc to represent the respective defendants. In each of the seven cases a curator ad hoc was appointed to represent the absent defendant or defendants. In each of- the cases, except that in which Chester Davis was defendant, an answer was filed by the curator ad hoc, but in the case against Davis, with which all of the others were consolidated and which was the case which seems to have been console *392 dated for the purpose of trial, a plea of unconstitutionality was filed on behalf of all of the defendants in all of the cases. This plea was signed by the curators ad hoc and by Oliver S. Livaudais, Sr. and Oliver S. Livaudais, Jr., as attorneys. At the same time, on behalf of all the defendants, exceptions of no cause of action and no right of action were filed. These exceptions also were signed by the curators ad hoc and by the Messrs. Livaudais as attorneys. From the record we can not ascertain what was the fate of the pleas and exceptions, but on the same day on which they were filed, an answer was filed on behalf of Chester Davis, answer, as we have already said, having previously been filed on behalf of the other defendants by the respective curators ad hoc. The answer on behalf of Chester Davis was signed by the Messrs. Livaudais as attorneys, and the answer was verified by Davis himself by oath made before a notary public.
When the cases were called for trial, all of the defendants in all seven of the cases were represented by the curators ad hoc and by the Messrs. Livaudais as attorneys. Judgments of expropriation were rendered and in each of the seven cases a petition for a devolutive appeal was filed. These petitions of appeal were signed by the Messrs. Livaudais as attorneys for each appellant. Orders were rendered granting appeals and fixing the amount of the bond in each case, and in each case bond was filed for the amount fixed. In the Davis case the appellee filed a rule in the District Court seeking the dismissal of the appeal on the ground that the surety was insolvent, and in each of the other six cases a rule was filed in the District Court seeking the dismissal of the appeal on the ground that the surety on each bond was insolvent, and also on the ground that the attorneys who had signed the petitions of appeal, the Messrs. Livaudais, were not authorized to represent the respective appellants.
When these rules came up for trial in the District Court, they were all dismissed, the judge in each of the seven cases finding the surety sufficient, and in the six cases in which the further contention was made that the attorneys were not authorized to take the appeal, stating that after the signing of the orders granting the devolutive appeals, the court had no jurisdiction to pass on any question except that involving the sufficiency of each of the sureties.
The transcripts were duly lodged in this Court and thereafter a motion was made in the consolidated cases to dismiss all, except that in which Chester Davis is the defendant, on the following ground, to-wit: “That in the above entitled causes No. 2192, No. 2197 and No. 2198, the Defendants and Appellants are represented by Curators, or Attorneys appointed by orders of the above District Court to represent said Defendants, and that the Defendants Frederick C. Butler, and Estate of Michael L. James in the above entitled causes Nos. 2195, 2196 and 2200 likewise are represented by Curators, or Attorneys appointed by said District Court, and the devolutive appeal taken for said Defendants in the within consolidated cause by Oliver S. Livaudais Sr. and Jr. for said absent defendants is done without authority of said defendants, and therefore Plaintiff-Appellee specially pleads lack of authority in said Attorneys to take said devolutive appeal in behalf of said defendants represented solely by said Curators.”
In other words, the appellee is attempting to dismiss the appeal in each case on the ground that the attorney who filed the petitions and obtained the orders for appeal had no authority to represent the respective appellants.
The motion to dismiss is signed by the attorney for the appellee and he, the attorney for 'the appellee, verified by affidavit the truth of the allegations made in the motion to dismiss.
In answer to the motion, all six appellants appeared through the same attorneys who took the appeals and denied all of the facts set forth. They then made the following allegations: “ * * * said Motion to Dismiss does not set forth any state of facts, which, if true, show that Oliver S. Livaudais, Sr. and Oliver S. Livaudais, Jr. as attorneys for respondents lacked authority to take devolutive appeals from the *393 judgments rendered in the above matters, the only allegation of fact in said motion to dismiss being that, because the District Court, on the filing of the suits, appointed Curators ad Hoc to represent some of the Respondents above named, that thereafter said Respondents were represented solely by said Curators ad Hoc, and could not employ counsel of their own choosing to represent them and to take appeals from adverse judgments. Respondents show that a litigant in any case is entitled to be represented by counsel of his own choice, and when such counsel is employed, a Curator ad Hoc, previously appointed to represent the litigant, becomes functus officio.”
This answer is signed on behalf of all appellants by the said Messrs. Livaudais, and it is verified by Mr. Oliver S. Livau-dais, Sr.
We find no merit in the motion to dismiss the appeals. When an attorney at law appears in court to represent a litigant, there is a presumption that he is authorized to do so, and this presumption will not be successfully rebutted by the mere oath of the attorney for the opposing litigant.
Even the litigant whom the attorney claims to represent is affected by the presumption of authority to the extent that strong proof of want of authority must be produced.
In Heirs of Brigot v. Brigot, 47 La.Ann. 1304, 17 So. 825, 826, the plaintiff offered an affidavit, duly authenticated, of widow Brigot, declaring that she had not authorized the attorney to represent her as defendant. The lower court held that the affidavit was ex parte and inadmissible, and the Supreme Court said that the ex parte affidavit in support of assertions made at the time when it was offered in evidence that the attorney was not authorized, was not even the commencement of proof; that it had none of the characteristics of proceedings taken contradictorily with parties in interest, and that it was only a sworn declaration offered without pleading or allegation of any kind. The court also said that affidavits against the acts of attorneys, as not having been authorized, had to be in support of issues directly presented. The Court said that:
“The mere affirmation of a reputable attorney that he is the retained counsel in a cause has the sanctity of an oath. They (the attorneys at law) are the officers of the court, whose principal duty is to be true to the court and their clients.
“The record and the allegations of counsel import absolute verity, as respects the authority to represent their clients.”
In the syllabus of Bender v. McDowell, 46 La.Ann. 393, 15 So. 21, appears the following :
“The substance of our jurisprudence on the subject is that a certain degree of sanctity attaches to the act of an attorney at law, as an officer of court, which raises a legal presumption that it was authorized, and imposes on the client denying his authority the duty of supporting his denial with an oath, in order to overcome that presumption, and put the opposite party to the proof of his authority.
“But this rule is not exclusive of all others, and such an oath is not a condition precedent to the administration of any proof on the part of the party who denies the authority of the attorney. It is permissible for such party to go on the stand, and testify on the subject.” See also Boykin v. Holden, 6 La.Ann. 120, Dockham v. Potter, 27 La.Ann. 73, and Police Jury of Tangipahoa Parish v. Begnaud, 200 La. 1020, 1022, 9 So.2d 399.
. It follows that even if the appellants themselves desired to repudiate the attorneys who purport to represent them, there would be a presumption that the attorneys had been authorized and this presumption would yield only to convincing proof.
Surely it will not do to permit the opposing counsel to accomplish the complete dismissal of these appeals on his mere affidavit that the opposing attorneys are not authorized.
The motion to dismiss the appeals is overruled.
Motion to dismiss the appeals is overruled.