BAILES, Judge.
This matter is now before us on a motion to dismiss the appeal. The ground urged by appellee for the dismissal is couched in the following language:
“That the First Circuit, Court of Appeal, State of Louisiana, has no jurisdiction because the appeal has been perfected to the Court of Appeal, Third Circuit, State of Louisiana, and that the appeal bond lies therein, and that there is no order of transfer in the record from the Third Circuit, Court of Appeal, State of Louisiana, to the First Circuit, Court of Appeal, State of Louisiana, and that there is no order in the record to negate the inconsistency.”
It 'appears to us that in moving for the appeal to the Court of Appeal, Third Circuit, the appellant, his counsel being a resident of a parish wherein appeals are ordinarily made to the Third Circuit, inadvertently moved for the appeal to the Third Circuit instead of the First Circuit, and furthermore, it is obvious to us that likewise, through inadvertence the trial court granted and entered the order of appeal to the wrong circuit.
The clerk of court of the Sixteenth Judicial District Court became aware of the mistake and forwarded the transcript to this court where it was always the intention of the parties for it to be lodged.
In support of defendant-appellee’s motion to dismiss this appeal, he relies on the case of Albin v. Harvey and Jones (1935) La.App., 160 So. 163, and the cases cited therein. The facts and circumstances of the cited case are inapposite to the instant case. Therein the record contained no order of'the court granting the appeal, and the court held that without an order of the court a quo granting an appeal, the appellate court is without jurisdiction to consider the case. Defendant-appellee also cites the case of Orrell v. Southern Farm Bureau Casualty Ins. Co. (1965) 248 La. 576, 180 So.2d 710 as supportive of his contention. Again the facts of the Orrell and the instant case are so different that the holding of the *76 court therein makes it inapposite. The main thrust of the holding of the court in the Orrell case is that jurisdiction of the trial court is not divested and that of the appellate court does not attach unless the appeal bond is filed in the trial court within the time allowed by law for taking the appeal. This holding has no application to the instant case.
It is too well settled in our jurisprudence to need citation that it is the policy of our law that appeals are favored and aided by the courts. No party to this action has been prejudiced by the inadvertence of appellant in moving for th^ appeal to the wrong circuit of the Court of Appeal or by the district judge granting the order of appeal inadvertently to the Third Circuit instead of the First Circuit. The appellant must not be penalized by the dismissal of his appeal.
For the foregoing reasons, the motion to dismiss this appeal is denied.
Motion denied.