HAMLIN, Justice:
 

 In the exercise of our supervisory jurisdiction, we directed certiorari to the Court of Appeal, First Circuit, in order that we might review its judgment which affirmed the judgment of the trial court maintaining peremptory exceptions of prescription and dismissing the suit of E. J. Adams, Jr. and Iris T. Adams against exceptors, American Motorists Insurance Company, Aetna Casualty & Surety Company, and Petroleum Distributing Company. Art. VII, Sec. 11, La.Const, of 1921; 205 So.2d 118; 251 La. 864, 206 So.2d 713.
 

 The record reflects that the instant action for damages arose out of an automobile accident alleged to have occurred on May 9, 1964. An original suit was filed, July 20, 1964, under Docket No. 31,078 of the Sixteenth Judicial District Court in and for the Parish of St. Mary. After numerous exceptions had been filed by the named defendants, plaintiffs’ attorney submitted to Judge Rene H. Himel a “Motion to Dismiss” the cause; it was signed on October 21, 1965, and recites:
 

 “MOTION TO DISMISS
 

 “Now into Court comes plaintiff through counsel who respectfully moves to dismiss the foregoing cause, without
 
 *801
 
 prejudice, at plaintiffs cost reserving all rights.
 

 “Let the foregoing cause be and the same is hereby dismissed without prejudice as a nonsuit, at plaintiffs cost, and reserving unto plaintiffs all of their rights.
 

 “Franklin, Louisiana this 21st day of October 1965.
 

 “Rene H. Himel [Signed] “District Judge
 

 “SUBMITTED BY:
 

 “Harold J. Rhodes [Signed]
 

 “Harold J. Rhodes
 

 P. O. Box 263 Berwick, Louisiana”
 
 [1]
 

 The next day, October 22, 1965, the following bill was submitted to Mr. Harold J. Rhodes, Attorney, by the Clerk of Court:
 

 “TOTAL CLERK’S COST $188.15
 

 “SERVICE
 
 ON
 
 SEC. OF STATE 2.00
 

 “TOTAL SHERIFF’S COST 43.80
 

 “GEORGE S. THOMAS CO.
 

 “(for Deposition of Dr. H. R. Soboloff) 37.50
 

 “TOTAL COST DUE $271.45
 

 “LESS ADVANCE DEPOSIT $ 25.00
 

 “BALANCE DUE $246.45
 

 
 *803
 
 “Upon receipt of your check in the above amount, the dismissal will be filed.”
 

 Neither plaintiffs nor their attorney paid the bill, and on November 12, 1965, the Clerk of Court addressed the following to Mr. Harold J. Rhodes, Attorney:
 

 “Original Bill dated: October 22, 1965
 

 “BALANCE DUE $246.45
 

 “Upon receipt of your check in the above amount, the dismissal will be filed. We have been holding this dismissal since October 22, 1965 and have had several inquiries concerning the filing of this dismissal.”
 

 The record reflects that the costs applicable to Suit No. 31,078 have not as yet been paid, and that the Clerk of Court has refused to file the “Motion to Dismiss” in the record.
 

 The present suit was filed on October 22, 1965. Damages alleged to have resulted from injuries suffered in the accident of May 9, 1964 were demanded. Defendants, American Motorists Insurance Company, Aetna Casualty & Surety Company, and Petroleum Distributing Company, filed peremptory exceptions of prescription, averring that plaintiffs’ petition, on its face, showed that the cause of action therein alleged occurred more than one year prior to the commencement of the action and was therefore prescribed.
 

 On trial of the exceptions, plaintiffs contended that because of the fact that the court costs were not paid, and the motion was not accompanied by a Certificate of the Clerk of Court and of the Sheriff to the effect that the costs had been paid, Suit No. 31,078 had not, as a matter of fact, been actually dismissed notwithstanding the fact that the order purporting to dismiss the suit was signed by the judge and notwithstanding that it was submitted to the judge for his signature by plaintiffs’ own attorney.
 

 Defendants argued that as Suit No. 31,-078 was voluntarily dismissed by plaintiffs on October 21, 1965, under Civil Code, Article
 
 3519
 

 [2]
 

 the interruption of the one year prescriptive period was to be considered as never having happened; they further argued that the provisions of LSA-R.S. 13:4201
 
 [3]
 
 and Article 1671 of the Code of Civil Procedure
 
 [4]
 
 would not affect the validity of a judgment of dismissal.
 

 
 *805
 
 As stated supra, the trial court maintained the exceptions, and in affirming its judgment the Court of Appeal concluded: “Therefore, in light of the above, and particularly LSA-C.C. Art. 3519, we are of the opinion that the voluntary dismissal on the part of the plaintiff as to his first suit negates any interruption of prescription that the particular suit might have had. Since the first suit did not interrupt the running of the prescriptive period, and the second suit was filed more than one year after the accident, the Trial Judge’s sustaining of the plea of prescription was not in error.”
 

 Plaintiffs-relators assign the following errors to the judgment of the Court of Appeal:
 

 1. The Court erred in finding that it is within the discretion of the judges of this state as to whether or not a voluntary dismissal of a suit would be granted where costs have not previously been paid.
 

 2. The Court erred in finding that a judgment of dismissal signed in chambers became effective immediately, where the defendants had made a general appearance and were not given an opportunity to approve or disapprove the action.
 

 3. The Court erred in finding that a judgment of dismissal containing the words “without prejudice” and which, therefore, signified intention of the plaintiffs to renew their demand, did not interrupt prescription.
 

 4.The Court of Appeal erred in failing to apply the same rule of law which it applied in the case of Tri-City Finance Plan, Inc. v. Barbier, 204 So.2d
 
 75.
 

 Plaintiffs contend that procedural statutes should be liberally construed so that justice will be had in all cases and not denied because of mistakes or technicality. They argue that the defendants’ case has not been prejudiced in any manner by any delay that resulted from the dismissal herein in question.
 

 Defendants contend that to liberalize limiting statutes, such as those relating to prescription, so as to avoid prejudice to litigants when their attorneys misinterpret those statutes, would make such statutes as broad as any erroneous interpretation thereof and would render them meaningless.
 

 We find that LSA-R.S. 13:4201 and Article 1671 of the Code of Civil Procedure, supra, read together express a legislative intent that a trial judge shall dismiss an action “without prejudice” upon the application of a plaintiff under certain enumerated conditions. Both provide for the
 
 *807
 
 payment of costs; they insure the proper authorities their receipt of costs. Before a trial judge signs a “Motion to Dismiss,” he should have evidence of payment of costs in order to comply with LSA-R.S. 13:4201. However, we cannot conclude that the inadvertence of a trial judge in failing to demand certificates evidencing payment of costs before he signs a judgment or order of dismissal, or his trust in an attorney who fails to pay costs after a judgment or order of dismissal is signed, will strike with nullity a signed judgment or order to which certificates of payment of costs are not attached. While it might have been incumbent upon plaintiffs to pay their costs in order that their “Motion to Dismiss” be filed in the record in Suit No. 31,078, the non-payment thereof had no effect upon the validity of the order or its application to defendants — immediate parties to plaintiffs’ suit.
 
 [5]
 

 Defendants made no objection to the trial court’s action in signing the “Motion to Dismiss.” See testimony supra, Footnote 1. Herein, they state that they were aware of the intention of plaintiffs’ counsel to dismiss the initial action. Under such circumstances, it was not necessary that defendants be given an opportunity to approve or disapprove the trial judge’s action in granting a voluntary dismissal of plaintiffs’ first suit.
 

 We find no merit in plaintiffs’ contention that because the instant order of-dismissal contained the words “without prejudice,” an intention to renew plain-, tiffs’ suit was signified and prescription-was interrupted. Article 3519, LSA-C.C., supra, provides that if a plaintiff, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened. Cf. LSA-C.C. Art. 3551. Plaintiffs waited more than one year after the accident of May 9, 1964 to institute their second suit. Under LSA-C.C. Art. 3519, the initial action never happened; prescription was therefore not interrupted.
 
 [6]
 

 The case of Tri-City Finance Plan, Inc. v. Barbier, La.App., 204 So.2d 75, is in-
 
 *809
 
 apposite to the present matter. Therein, appellant was not held responsible for his attorney’s filing of his appeal in an incorrect Court of Appeal. Herein, the circumstances are different; there is no showing that plaintiffs were unaware of the action of their attorney in dismissing Suit No. 31,078. “It is not to be presumed that an attorney at law who appears in court as the representative of a client is acting without authority.” Police Jury of Tangipahoa Parish v. Begnaud, 200 La. 1020, 9 So.2d 399. See, Gaudet v. Lawes, La. App., 166 So.2d 337.
 

 Neither plaintiffs nor their counsel saw fit to amend the original petition in Suit No. 31,078; a new suit based more or less on the same facts as those set forth in the original suit was filed on October 22, 1965, approximately one year and five months after the alleged accident of May 9, 1964. In view of the exceptional circumstances shown by the record herein, plaintiffs are not entitled to the relief they seek. Cf. City of New Orleans v. Levy, 233 La. 844, 98 So.2d 210; Dipuma v. Di-puma, 136 So.2d 505; Rhodes v. Miller, 189 La. 288, 179 So. 430.
 

 For the reasons assigned, the judgment of the Court of Appeal, First Circuit, is affirmed. All costs to be paid by plaintiffs.
 

 SANDERS, J., dissents.
 

 [1]
 

 . Testimony included in the record recites in part:
 

 “BY MR. MEAUX: * * *
 

 “What occurred, if Your Honor please, I think an agreement was made and because of the number of exceptions and third party actions and everything else that the pleadings were in such a state that, instead of going on with that suit, a new suit would bo filed and just start all over again because of all the confusion, to try to straighten out the matter. I believe the minutes of the Court or the dictation or stipulation that was entered into at that time will more or less substantiate this position.
 

 “BY THE REPORTER: I have:
 

 ‘Three separate sets of exceptions which embody the exceptions therein, by agreement wo pass these exceptions this day and a new suit will be filed and correct all defects contained in the exceptions. We will submit a judgment of dismissal without prejudice in this matter.’ On the other side, I have—
 

 “BY MR. BONIN: Does it show who is saying that?
 

 “BY THE REPORTER: No, I don’t have who was saying this.
 

 “BY THE COURT: Who was the attorney opposing?
 

 “BY THE REPORTER: I have on this side ‘on motion of Harold J. Rhodes.’ I assume that he was dictating this. Then I have over here, which the Judge said, ‘On motion of attorney for plaintiff, the above cause is dismissed without prejudice at plaintiff’s cost, all rights reserved.’
 

 “ * *
 

 “BY MR. BONIN: Judge, it is my recollection that I was out at the time that Mr. Rhodes made this representation to the Court, that it would be passed. I had agreed that the exceptions would not be taken up because he said that he was going to dismiss his action. As I recall, I came back into Court after and said that I did not object to Mr. Rhodes’ dismissal of the action
 
 but that I wanted the record to shoio that I toas not concurring in it. There toas nothing done by stipulation of the parties. I would be happy to testify to this to malee it part of the record. There was no stipulation to this effect. I believe counsel used the word
 
 ‘stipulation’.” (Emphasis ours.)
 

 [2]
 

 . “If tlie plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.”
 

 [3]
 

 . “No order or judgment shall be rendered or signed by any court of the state dismissing or discontinuing any suit or roconventional demand, on the voluntary motion of any or all of the parties thereto, unless anil, until all costs and commissions due the clerk of court and the sheriff shall first have been paid, to be evidenced by certificates of those officers to be filed with and made part of the motion to dismiss or discontinue.”
 

 [4]
 

 “A judgment dismissing an action without prejudice shall be rendered upon
 
 *805
 
 application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of
 
 *807
 
 dismissal except with prejudice.” See, 21 La.L.Rev. 34.
 

 [5]
 

 .- In 1945, in the matter of Interdiction of Escat, 207 La. 228, 21 So.2d 43, we said: “Under the express provisions of Article 491 of the. Code of Practice, ‘The plaintiff may, in every stage of the suit previous to judgment * * * discontinue the suit on paying the costs,’ and, as expressed in the syllabus of the case of Shreveport Long Leaf Lumber Co. v. Jones, 188 La. 519, 177 So. 593, ‘A motion to discontinue’ a suit takes effect the moment it is filed, without an order of dismissal by the court.’ Sec, also, Person v. Person, 172 La. 740, 135 So. 225.”
 

 [6]
 

 . LSA —C.C. Art. 3536 provides:
 

 “The following actions are also prescribed by one year:
 

 “That for injurious words, whether verbal or written, and that for damages caused by animals, or resulting from offenses or quasi offenses. * * * ”