MILLER, Judge.
The trial court sustained defendants’ exception of prescription to plaintiff’s workmen’s compensation suit. Plaintiff appealed.
Defendants terminated plaintiff’s workmen’s compensation benefits on October 15, 1967. Suit was filed June 12, 1968. Plaintiff’s counsel withdrew in April of 1968. On June 10, 1969, notice was mailed to plaintiff (as he had no counsel of record enrolled at that time), advising that his case was set for trial for 10 a.m. June 26, 1969.
On that date, defendants’ counsel was present with witnesses and ready for trial. Plaintiff was present, but had no witnesses and no counsel of record. Plaintiff’s present counsel received his first notice of this predicament about 9 a.m. on June 26, 1969 and was then committed to cases in other courts for that morning. By three telephone conversations, counsel for plaintiff requested a continuance, which request was opposed by defendants and denied by the trial judge. The trial judge was willing to delay the trial until afternoon. Plaintiff’s counsel stated that he would dismiss the case and refile it, if the court would consent to dismiss it without prejudice. The trial judge advised that plaintiff “might be faced with a plea of prescription should he do this.” Tr. 35, 36. Counsel for defendants did not object to the trial court dismissing without prejudice, and plaintiff agreed to move to dismiss the case. The motion to dismiss without prejudice was filed July 15, 1969.
On July 21, 1969, plaintiff filed this suit to which defendants excepted alleging prescription. Defendants contend that LSA-C.C. art. 3519 requires a holding that the interruption caused by the earlier filing of the suit “is considered as never having happened.” The trial court so held and we agree.
Louisiana Civil Code Article 3519 was amended on recommendation of the Louisiana State Law Institute, at the time the present Code of Civil Procedure was enacted. It provides:
“Art. 3519. If the plaintiff in this case, after having made his demand, abandons, voluntarily dismisses, or fails to prosecute it at the trial, the interruption is considered as never having happened.”
The Louisiana Code of Civil Procedure in its chapter on dismissal, specifically define voluntary dismissal, and involuntary dismissal.
“Art. 1671. Voluntary dismissal. A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to a general appearance by the defendant. If the application is made after a general appearance, the court may refuse to grant the judgment of dismissal except with prejudice.”
“Art. 1672. Involuntary dismissal. A judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case the court shall determine whether the judgment of dismissal shall be with or without prejudice.”
Plaintiff contends that his motion to dismiss was not “voluntary,” contending that
“ * * * counsel for plaintiff had no alternative except to let the case go on to trial with plaintiff alone to conduct the trial of his case and try and establish his case for workmen’s compensation benefits through his testimony alone, or, under the only other alternative available, to dismiss the suit without prejudice under circumstances where the Court and counsel for defendants agreed that the case could be dismissed without prejudice.
*488 “It was obvious to counsel for plaintiff that plaintiff would lose his case if the trial was had, which would result in the case being dismissed with prejudice. Plaintiff’s rights would then be limited to an appeal, which would be useless because plaintiff would have no medical evidence in the record.
“Under the circumstances plaintiff’s dismissal was not voluntary. It was agreed upon between counsel and the Trial Judge. The fact that dismissal came in [the] form of a motion filed by plaintiff does not change the circumstances of the dismissal, because the filing of a motion was required by the Trial Judge to effect the agreement.”
These arguments are without merit.
The Supreme Court has ruled on this specific issue. Adams v. Aetna Casualty & Surety Company, 252 La. 798, 214 So.2d 148 (1968). There plaintiff voluntarily dismissed his initial suit after numerous exceptions had been filed. The dismissal in Adams is comparable to the one before us, with the exception that the dismissal in Adams contained specific language, “reserving unto plaintiffs all of their rights.” Unquestionably plaintiff intended to refile the suit. The plea of prescription to the second suit was sustained by the trial court and affirmed by the Court of Appeal. Adams v. Aetna Casualty Insurance Company, 205 So.2d 118 (La.App. 1 Cir. 1967). The Supreme Court granted writs to review and held:
“* * * Under LSA-C.C. Art. 3519, the initial action never happened; prescription was therefore not interrupted.” 252 La. 798, at 807, 214 So.2d 148 at 152.
See also Cassou v. Robbert, 166 La. 101, 116 So. 714 (1928); Depetro v. Mitchner, 18 La.App. 290, 138 So. 466 (La.App. 1 Cir. 1931); Beard v. Wilson Wholesale Distributors, Inc., 215 So.2d 664 (La.App. 1 Cir. 1968) ; Andry v. Maryland Casualty Company, 244 F.Supp. 143 (U.S.D.C.-E.D. La., 1965).
Appellant contends that Adams is inap-posite because there was no contention in Adams that the dismissal was not voluntary, whereas here, “the dismissal was involuntary because it was the only alternative to a judgment on the merits of the case adverse to plaintiff.” We find that the circumstances that brought about the dismissal in Adams were comparable to those before us.
We hold that the dismissal of the first suit was a voluntary dismissal within the meaning of Code of Civil Procedure Article 1671 and Civil Code Article 3519.
When a dismissal is granted upon application of plaintiff, the dismissal is voluntary; the initial action never happened; and prescription was therefore not interrupted.
The present suit was filed July 21, 1969, one year, nine months, and six days after the last payment of compensation benefits. Under LSA-R.S. 23:1209, plaintiff’s claim for judicial enforcement of a cause of action for further workmen’s compensation benefits had prescribed.
The judgment of the trial court is affirmed. All costs are to be paid by plaintiff-appellant.
Affirmed.